Brent O. Hatch (5715)
Mitchell A. Stephens (11775)
HATCH, JAMES & DODGE
10 West Broadway, Suite 400
Salt Lake City, UT 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

David B. Cupar (*pro hac vice* forthcoming)
Matthew J. Cavanagh (*pro hac vice* forthcoming)
McDONALD HOPKINS LLC
600 Superior Avenue, E., Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
Facsimile: (216) 348-5474

*Attorneys for Cequent Performance Products, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Progress Mfg. Inc., dba Fastway Trailer Products, <br><br> Plaintiff, <br><br> v. <br><br> Cequent Performance Products, Inc., <br><br> Defendant. | **Cequent's Answer and Counterclaim** <br><br> Civil No. 2:15-cv-00276-BCW <br><br> Judge Brook C. Wells |

For its answer to the complaint of plaintiff Progress Mfg. Inc., dba Fastway Trailer Products, defendant Cequent Performance Products, Inc. ("Cequent") responds as follows:

### As to "Parties"

1.      Cequent admits paragraph 1 of the complaint.

2.      Cequent admits paragraph 2 of the complaint.

## As to "Jurisdiction and Venue"

3.      Insofar as paragraph 3 construes the complaint, the document speaks for itself. Otherwise, Cequent denies the allegations in paragraph 3 of the complaint and denies that Progress is entitled to any of the declaratory judgments or other relief it seeks in its complaint.

4.      Cequent denies that this Court should exercise jurisdiction over this case, and otherwise denies paragraph 4 of the complaint because it lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

5.      Cequent denies paragraph 5 of the complaint.

6.      Cequent denies paragraph 6 of the complaint.

## As to "General Allegations"

7.      Cequent denies paragraph 7 of the complaint because it lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

8.      Cequent admits that Progress purchased and acquired Diversi-Tech, admits that Progress is Diversi-Tech's successor, and denies all other allegations in paragraph 8 of the complaint because it lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

9.      Cequent admits that Progress purchased and acquired Diversi-Tech, admits that Progress is Diversi-Tech's successor, and denies all other allegations in paragraph 9 of the complaint because it lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

10.     Cequent denies paragraph 10 of the complaint.

11.     Cequent denies paragraph 11 of the complaint.

12.     Ceqeunt admits that Progress markets and sells hitch ball mounts and coupler locks that its predecessor, Diversi-Tech, previously marketed and sold, and Cequent denies all other allegations in paragraph 12 of the complaint because it lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

13.     Cequent admits paragraph 13 of the complaint.

14.     Cequent admits paragraph 14 of the complaint.

15.     Cequent admits that its attorneys sent the letter attached to the complaint as Exhibit A. Insofar as Progress construes that letter, it speaks for itself. Otherwise, Cequent denies the allegations in paragraph 15 of the complaint because it lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

16.     Cequent denies the allegations in paragraph 16 of the complaint because it lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

17.     Cequent admits that its attorneys sent the letter attached to the complaint as Exhibit B. Insofar as Progress construes that letter, it speaks for itself. Otherwise, Cequent denies the allegations in paragraph 17 of the complaint because it lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

18.     Cequent denies the allegations in paragraph 18 of the complaint because it lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

19.     Cequent admits that Diversi-Tech sued Cequent in Utah state court on November 21, 2014, in a baseless effort to invalidate the settlement agreement between Diversi-Tech and

Cequent. Insofar as Progress construes Diversi-Tech's complaint, it speaks for itself. Otherwise, Cequent denies the allegations in paragraph 19 of the complaint.

20.     Cequent admits paragraph 20 of the complaint.

21.     Cequent admits paragraph 21 of the complaint.

22.     Cequent admits paragraph 22 of the complaint.

23.     Cequent admits paragraph 23 of the complaint.

24.     Cequent admits paragraph 24 of the complaint.

25.     Cequent admits paragraph 25 of the complaint.

26.     Cequent admits paragraph 26 of the complaint.

27.     Cequent admits paragraph 27 of the complaint.

28.     Cequent denies paragraph 28 of the complaint.

29.     Cequent admits paragraph 29 of the complaint.

30.     Cequent admits paragraph 30 of the complaint.

31.     Cequent admits there is a judiciable question of whether Progress is bound by the Settlement Agreement, and otherwise denies the allegations in paragraph 31 of the complaint.

32.     Cequent denies paragraph 32 of the complaint.

## As to "Count I"

33.     Cequent incorporates by reference all of the previous responses recited above.

34.     Cequent denies paragraph 34 of the complaint.

35.     Cequent denies paragraph 35 of the complaint.

36.     Cequent denies paragraph 36 of the complaint.

37.     Cequent denies paragraph 37 of the complaint.

## As to "Count II"

38.     Cequent incorporates by reference all of the previous responses recited above.

39.     Cequent denies paragraph 39 of the complaint.

40.     Cequent denies paragraph 40 of the complaint.

## As to "Count III"

41.     Cequent incorporates by reference all of the previous responses recited above.

42.     Cequent denies paragraph 42 of the complaint.

43.     Cequent denies paragraph 43 of the complaint.

44.     Cequent denies paragraph 44 of the complaint.

45.     Cequent denies paragraph 45 of the complaint.

46.     Cequent admits there is a judiciable question of whether Progress is bound by the Settlement Agreement, and otherwise denies the allegations in paragraph 46 of the complaint..

## As to "Prayer for Relief"

47.     Cequent denies that Progress is entitled to any of the relief it requests.

## Cequent's Affirmative Defenses

1.     Progress' complaint fails to state a claim upon which relief can be granted.

2.     Progress' claims are barred by res judicata, collateral estoppel, or both.

3.     Progress' claims are barred by the release it granted to Cequent in the 2008 settlement agreement.

4.     Progress' claims are barred by the applicable statute of limitations, statute of repose, or both.

5.      Progress' claims are barred by the doctrines of laches, estoppel, consent, acquiescence, and waiver.

6.      Progress' claims are barred by the doctrine of unclean hands.

7.      Progress' damages, if any, were caused or contributed to by its own action or inaction or by the action or inaction of third-persons over whom Cequent has no ownership, control, or responsibility.

8.      Progress' claims are barred, in whole or in part, by its failure to mitigate its damages, if any.

9.      This Court lacks personal jurisdiction over Cequent, and venue is improper.

10.     Progress has failed to join one or more necessary and indispensable parties.

<u>Jury Demand</u>

Cequent hereby demands a jury trial for all issues so triable.

## Counterclaim

In accordance with Rule 13 of the Federal Rules of Civil Procedure, Cequent asserts its counterclaim against Progress Mfg. Inc., dba Fastway Trailer Products, dba Diversi-Tech Products.

## The Parties

1.      Cequent is a Delaware corporation with a principal place of business in Michigan.

2.      Progress Mfg. Inc. is a Utah corporation with a principal place of business in Utah. Progress does business under the names "Fastway Trailer Products" and "Diversi-Tech Products." This counterclaim will refer to Progress Mfg. Inc. as "Fastway."

## Jurisdiction and Venue

3.      To the extent the claims asserted in the complaint are within this Court's subject matter jurisdiction, this counterclaim also is within that subject matter jurisdiction.

4.      This Court has personal jurisdiction over all of the counterclaim-defendants because they are all Utah citizens.

5.      To the extent venue is proper for the claims asserted in the complaint, venue is also proper for this counterclaim.

## Facts

*Background*

6.      Cequent designs, manufactures, and markets a wide array of trailer products and accessories for trailer equipment manufacturers, wholesaler-distributors, and retail markets.

7.      On April 20, 2004, Cequent Trailer Products, Inc. ("Cequent Trailer") obtained the '686 patent, entitled "Coupler Locking Device and Method."

8.      The '686 patent remains valid and enforceable.

9.      In 2005, Cequent Trailer sued Diversi-Tech for infringing the '686 patent in the United States District Court for the Northern District of New York in a case entitled *Cequent Trailer Products, Inc. v. Diversi-Tech Corp.*, Civil Action No. 5:05-cv-00074-NAM-GJD (the "Action").

10.     Cequent Trailer based its claims in the Action upon Diversi-Tech's sale of a universal coupler lock that infringes one or more claims of the '686 patent (the "D-T Lock").

11.     Diversi-Tech counterclaimed against Cequent Trailer in the Action broadly seeking a declaratory judgment that the '686 patent is invalid under 35 U.S.C. § 102 and under other provisions of the Patent Act.

12.     The parties agreed to settle the case and memorialized their settlement in a June 26, 2008, written agreement (the "Agreement").

13.     The settlement resulted in a stipulated dismissal of the Action with prejudice, including a dismissal of Diversi-Tech's patent invalidity counterclaims.

*Diversi-Tech's Breach of the Agreement*

14.     The Agreement required Diversi-Tech to "pay Cequent a total sum of Sixty Thousand Dollars ($60,000) within one year from the Effective Date of th[e] Agreement" and to pay an ongoing royalty of $1.50 per unit for future sales of the D-T Lock. (Agreement §§ 1.1, 1.2, 1.3.)

15.     Diversi-Tech (on behalf of itself and its "successors and assigns") released Cequent from, among other things, any claims that the '686 patent is invalid and further promised to not seek "reexamination" of the '686 patent. (Agreement § 2.2.)

16.     The Agreement states explicitly that it "shall be binding upon and inure to the benefit of Cequent and Diversi-Tech and their respective successors and assigns." (Agreement § 4.4.)

17.     To date, Diversi-Tech has only paid Cequent $28,000 of the $60,000 up-front payment that was due by June 26, 2009, and it has never provided any of the ongoing accountings and royalty payments required by the Agreement. These are all material breaches by Diversi-Tech.

*Fastway Purchases Diversi-Tech*

18.     Fastway acquired Diversi-Tech in 2013 and thereby became both a successor and assign of Diversi-Tech.

19.     Fastway has sold, and is now selling, the very same D-T Lock that Diversi-Tech sold and that infringes the '686 patent.

20.     Fastway is bound by the Agreement because it is Diversi-Tech's successor, assign, or both.

21.     Fastway has not paid Cequent any money owed under the Agreement, despite Cequent's demands and Fastway's contractual obligations to make those payments.

**Count One**
*Breach of Contract*

22.     Cequent incorporates by reference all allegations in all preceding paragraphs of this pleading as if fully rewritten herein.

23.     The Agreement is a binding and enforceable contract.

24.     Cequent Performance Products, Inc. is a successor of Cequent Trailer.

25.     Cequent and Cequent Trailer have performed all of their obligations under the Agreement.

26.     Fastway is bound by the Agreement because it is Diversi-Tech's successor, assign, or both.

27.     Fastway has materially breached the Agreement at least by: (i) failing to pay the full $60,000 up-front payment required by the Agreement; (ii) failing to pay any of the royalties required by the Agreement; (iii) failing to provide the bi-annual accounting required by the Agreement; and (iv) suing Cequent based on an allegation of patent invalidity, despite releasing Cequent from such claims in the Agreement.

28.     As a direct and proximate result of Fastway's material breaches, Cequent has been damaged in an amount to be determined at trial.

## Count Two
### *Indemnification*

29.     Cequent incorporates by reference all allegations in all preceding paragraphs of this pleading as if fully rewritten herein.

30.     In § 2.2 of the Agreement, Diversi-Tech released Cequent from all claims of patent invalidity against the '686 patent.

31.     Section 3.1 of the Agreement states that the "releasing party shall indemnify and hold harmless the other party from . . . any claims or other matters released herein."

32.     As Diversi-Tech's successor and assign, Fastway is bound by §§ 2.2 and 3.1 of the Agreement.

33.     As Fastway's lawsuit asserts claims of patent invalidity that were released within the Agreement, Fastway must indemnify Cequent and hold it harmless against: (a) this lawsuit,

including all of the attorneys' fees that Cequent incurs with respect to the suit; and (b) any judgment against Cequent, any settlement that may result, and any damage to Cequent's '686 patent or its value.

**Count Three**
*Patent Infringement*

34.     Cequent incorporates by reference all allegations in all preceding paragraphs of this pleading as if fully rewritten herein.

35.     Cequent pleads this claim in the alternative under Fed. R. Civ. P. 8(d), if the Court does not declare that Fastway is bound by the Agreement.

36.     Cequent owns the '686 patent.

37.     Fastway has directly infringed the '686 patent by making, importing, using, offering for sale, and/or selling coupler locks in the United States that are covered by one or more claims of the '686 patent (the "Infringing Locks").

38.     Fastway has marketed the Infringing Locks for one use: as a lock for unhitched trailer couplers.

39.     Any use of the Infringing Locks as a lock for unhitched trailer couplers is an act of direct infringement of the '686 patent.

40.     Because the sole intended consumer use of the Infringing Locks is an infringing use, the Infringing Locks have no substantial non-infringing uses.

41.     Fastway has induced infringement of the '686 patent because, with knowledge of the '686 patent, it induced end users of the Infringing Locks to use them to lock unhitched trailers couplers—a use that directly infringes the '686 patent.

42.     Fastway has contributed to infringement of the '686 patent by selling the Infringing Locks, which have no substantial use other than the infringing use as a lock for unhitched trailer couplers.

43.     Fastway's infringement of the '686 patent was, and continues to be, willful and deliberate and both are almost certain to continue their infringing activities unless restrained by this Court.

44.     Fastway's infringement of the '686 patent is exceptional under 35 U.S.C. § 285.

45.     Fastway's activities were done with an intent to, and in fact did allow it to, derive benefit from unauthorized use of technology covered by Cequent's '686 patent.

46.     Fastway has enriched itself, and will continue to enrich itself, by its infringing activities.

47.     Cequent has been damaged by Fastway's infringing activities, and it will continue to be irreparably injured unless the infringing activities are enjoined by this Court.

## **Prayer for Relief**

WHEREFORE, Cequent prays for judgment as follows:

(A)     A ruling that Fastway is bound by the Agreement and has breached the Agreement.

(B)     An order of specific performance that, under threat of contempt, orders Fastway to comply with all of the terms of the Agreement.

(C)     Compensatory damages.

(D)     A ruling that Fastway must indemnify and hold Cequent harmless against this lawsuit and any other invalidity challenge, including (without limitation) all of the attorneys'

fees, expenses, and costs Cequent incurs in defending against and responding to the complaint, any amendments thereto, or any other invalidity challenge.

(E)     A ruling that Fastway has directly infringed one or more claims of the '686 patent under 35 U.S.C. § 271(a).

(F)     A ruling that Fastway has induced infringement of one or more claims of the '686 patent under 35 U.S.C. § 271(b).

(G)     A ruling that Fastway has contributed to the infringement of one or more claims of the '686 patent under 35 U.S.C. § 271(c).

(H)     Preliminary and permanent injunctive relief enjoining Fastway, and its officers, directors, managers, employees, affiliates, agents, representatives, parents, subsidiaries, successors, assigns, those in privity with them, and all others aiding, abetting, or acting in concert or active participation therewith, from: (1) making, using, selling, offering to sell, or importing into the U.S. any device covered by the '686 patent; (2) otherwise directly or indirectly infringing the '686 patent; (3) challenging the validity of the '686 patent by reexamination or otherwise; (4) breaching the Agreement; and (5) committing any of the other acts complained of herein.

(I)     Patent infringement damages under 35 U.S.C. § 284.

(J)     Treble damages under 35 U.S.C. § 284.

(K)     An order that Fastway account to Cequent for all sales, revenues, and profits derived from their infringing activities and that three times those profits be disgorged and paid to Cequent under 35 U.S.C. § 284.

(L)     Attorneys' fees under 35 U.S.C. § 285 and under Fastway's contractual indemnification obligation.

(M)     Pre-judgment and post-judgment interest.

(N)     Costs of the action.

(O)     Such other and further relief as allowed at law or in equity that the Court deems to be appropriate.

<u>Jury Demand</u>

Cequent hereby demands a jury trial for all issues so triable.

Dated:  October 19, 2015                    **McDonald Hopkins, LLC**

                                            /s/ Matthew J. Cavanagh_____
                                            David B. Cupar
                                            Matthew J. Cavanagh


                                            **Hatch, James & Dodge, P.C.**

                                            */s/ Mitchell A. Stephens* _____
                                            Brent O. Hatch
                                            Mitchell A. Stephens

                                            *Counsel for Cequent Performance Products, Inc.*

14