IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Progress Mfg. Inc., dba Fastway Trailer Products,<br><br>Plaintiff,<br><br>v.<br><br>Cequent Performance Products, Inc.,<br><br>Defendant. | **DECLARATION OF MATTHEW J. CAVANAGH**<br><br>Civil No. 2:15-cv-00276-BCW<br><br>Judge Brook C. Wells |

I, Matthew J. Cavanagh, declare as follows:

1. I have personal knowledge of the following facts, and if called as a witness, I could and would competently testify to those facts.

2. I am a member of the McDonald Hopkins LLC law firm.

3. I am licensed to practice law in the state of Ohio, before various federal courts, and before the United States Patent and Trademark Office. I will be applying for *pro hac vice* admission to appear before this Court in this action.

4. I am one of the attorneys representing plaintiff Cequent Performance Products, Inc. ("Cequent") in this action, and I have represented Cequent on other patent litigation matters.

5. In 2005, Cequent's predecessor, Cequent Trailer Products, Inc. ("Cequent Trailer"), sued Diversi-Tech Corporation in the United States District Court for the Northern District of New York (the "NY Action").

{5540109:}

6. In the NY Action, Cequent Trailer alleged that Diversi-Tech infringed U.S. Patent No. 6,722,686 ("the '686 patent") by making, using, selling, offering to sell, and/or importing universal coupler locks that Diversi-Tech identified as Part No. DT-25013.

7. A true copy of the complaint that Cequent Trailer filed in the NY Action is attached as Exhibit C-1.

8. A true copy of the '686 patent is attached as Exhibit C-2.

9. Diversi-Tech filed a counterclaim in the NY Action, which asserted that the '686 patent was invalid under 35 U.S.C. §§ 101, 102, 103, 112, 132, and 305. (*See* Countercl. ¶¶ 27-28.) A true copy of Diversi-Tech's counterclaim is attached as Exhibit C-3.

10. On June 26, 2008, Cequent Trailer and Diversi-Tech settled the NY Action by entering into a written settlement agreement (the "Settlement"). A true copy of the Settlement is attached as Exhibit C-4.

11. On July 7, 2008, the New York court dismissed the case with prejudice pursuant to the parties' stipulated dismissal. A copy of the court's dismissal is attached as Exhibit C-5.

12. On April 25, 2103, Progress issued a press release announcing "that it acquired Diversi-Tech Manufacturing (DT)." A true copy of that press release is attached as Exhibit C-6.

13. Cequent has notified Progress that it is bound by the Settlement as Diversi-Tech's "successor" or "assign."

14. On November 26, 2014, Diversi-Tech and Angela Budge filed an action against Cequent in Utah state court, seeking to rescind the Settlement.

15. Cequent then removed the case to federal court. That case is entitled *Angela Budge et al. v. Cequent Performance Products, Inc.*, No. 2:14-cv-00938-JNP, and the case remains pending. Progress was voluntarily dismissed from the *Budge* case.

16. On April 21, 2015, Progress Mfg. Inc. filed this lawsuit against Cequent to obtain declaratory judgments on the parties' legal rights and obligations.

17. Since Progress filed the lawsuit, I have conversed with Progress' attorney, Karl Cannon, by telephone and email about the case and the dispute between the parties. Mr. Cannon has repeatedly told me that Progress intends to file a petition for *ex parte* reexamination of the '686 patent if this case proceeds.

18. I have told Mr. Cannon that the Settlement's no-challenge clause bars Diversi-Tech and its "successors and assigns" from filing such a petition. Because Progress is both a "successor" and "assign" of Diversi-Tech, it is bound by the Settlement's no-challenge clause.

19. Prior to the 2013 sale, Diversi-Tech's website advertised only two types of products: (a) the universal coupler lock; and (b) hitch ball mounts. During my investigation in October 2015, I have not found any evidence that Diversi-Tech is marketing any goods or services.

20. Attached as Exhibit C-7 is a true and complete printout that I personally obtained on October 19, 2015, from the Internet Archive (www.web.archive.org) for the Diversi-Tech product webpage for its "Hitch" products as that page existed on August 14, 2012.

21. Attached as Exhibit C-8 is a true and complete printout that I personally obtained on October 19, 2015, from the Internet Archive (www.web.archive.org) for the Diversi-Tech product webpage for its universal coupler lock as that page existed on January 20, 2012.

22. Attached as Exhibit C-9 is a true and complete printout that I personally obtained on October 19, 2015, from Progress' webpage (www.fastwaytrailer.com/shop/flash-albm/) for the universal coupler lock product.

23. Attached as Exhibit C-10 are true photographs that I took on October 19, 2015, of the Progress universal coupler lock. As those photographs show, the product is identical to the Diversi-Tech coupler lock that is subject to the NY Action and the Agreement that settled that lawsuit:


**Photo of Diversi-Tech Lock (Ex. C-10)**


**Image from
Diversi-Tech website (Ex. C-8)**

24. Comparing the photographs of the Progress lock to Diversi-Tech's 2012 webpage confirms that:

a. Progress' lock uses the same product name that Diversi-Tech used: the "Maximum Security Universal Coupler Lock."


**Photo of Diversi-Tech Lock (Ex. C-10)**


**Image from
Diversi-Tech website (Ex. C-8)**

b. Progress' lock uses the same Diversi-Tech "DT" part number that Diversi-Tech used: DT-25013.


**Photo of Diversi-Tech Lock (Ex. C-10)**


**Image from
Diversi-Tech website (Ex. C-8)**

c. The Progress lock has the identical Diversi-Tech "DT" trademark cast in the left side of the lock body as on the Diversi-Tech lock.


**Photo of Progress Lock (Ex. C-10)**


**Image from
Diversi-Tech website (Ex. C-8)**

d. The product photographs on the Progress packaging are the same photographs that Diversi-Tech used on its website.



**Photo of Progress Lock (Ex. C-10)**



**Image from
Diversi-Tech website (Ex. C-8)**

25. Attached as Exhibit C-11 is a true and complete printout that I personally obtained on October 19, 2015, from Progress' webpage (www.fastwaytrailer.com/shop/flash-albm/) for the adjustable locking ball mount product. Comparing Progress' webpage to Diversi-Tech's 2012 webpage confirms that Progress' is the same adjustable locking ball mount product that Diversi-Tech sold prior to the 2013 acquisition:



| Image from<br>**Progress website (Ex. C-11)** | Image from<br>**Diversi-Tech website (Ex. C-7)** |

26. Attached as Exhibit C-12 is a true and complete copy of the instruction manual for Progress' adjustable locking ball mount product, which I personally obtained on October 19, 2015, from Progress' website at www.fastwaytrailer.com/wp-content/uploads/2014/06/LBM_Instructions.pdf. In that instruction manual, Progress uses the following part numbers to refer to the ball mount products:

| DT-ALBM6400 | DT-ALBM6600 | DT-ALBM6800 | DT-ALBM7000 |
| DT-ALBM6425 | DT-ALBM6625 | DT-ALBM6825 | DT-ALBM7025 |

These part numbers are identical to the part numbers that Diversi-Tech used for the same parts, as confirmed by the internet archive printout attached as Exhibit C-7.

27. The instruction sheet attached as Exhibit C-12 also shows that, like the universal coupler lock product, the ball mount products sold by Progress have the Diversi-Tech "DT" trademark on the product itself:



28. Attached as Exhibit C-13 is a true and complete copy of the instruction manual for Progress' adjustable aluminum ball mount product, which I personally obtained on October 19, 2015, from Progress' website at www.fastwaytrailer.com/wp-content/uploads/2014/06/STBM_Instructions.pdf. In that instruction manual, Progress uses the following part numbers to refer to the ball mount products:

| DT-STBM6400 | DT-STBM6600 | DT-STBM6800 | DT-STBM7000 |
| DT-STBM6425 | DT-STBM6625 | DT-STBM6825 | DT-STBM7025 |

These part numbers are identical to the part numbers that Diversi-Tech used for the same parts, as confirmed by the internet archive printout attached as Exhibit C-7.

29. On October 19, 2015, I visited the Utah Division of Corporations and Commercial Code's web-based registration database at www. https://secure.utah.gov/bes/. There, I located and obtained the registration record attached as Exhibit C-14. This record certifies that Progress registered the name "Diversi-Tech Products" as a dba on March 27, 2013, and that said registration remains "active."

30. Sometime after the 2013 sale, and before our law firm sent the November 2014 letter identified in paragraph 17 of Progress' complaint, I typed Diversi-Tech's domain name diversi-tech.net into a web browser and, when I hit return, I was directed to Progress' website.

On October 19, 2015, I typed the same diversi-tech.net domain name into a web browser and, when I hit return, I received an error message that "This webpage is not available."

31.　On October 19, 2015, I visited the "Who Is" domain registration database and ran a search to determine who owns the current registration to the diversi-tech.net domain name. Attached as Exhibit C-15 is a true copy of the results of my search, which confirms that Progress currently owns the registration to that domain name.

32.　On August 14, 2015, Progress' attorney, Karl Cannon, emailed to me excerpts from an "Asset Purchase and Sale Agreement" between Progress and Diversi-Tech Corporation. I have not seen the entire agreement and schedules, as Mr. Cannon redacted much of the agreement's contents. Attached as Exhibit C-16 are pages one through four of that document. I am unable to provide the Court with the remainder of the document because Progress has not provided me with a complete copy despite my request for a complete copy.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 19, 2015.

Matthew J. Cavanagh